UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SANDRA EMBRY,

       Plaintiff,

v.                                          Case No. 1:10-cv-866
                                              Hon. Robert J. Jonker

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.
                                  /

**REPORT AND RECOMMENDATION**

        Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for disability insurance benefits (DIB) and Supplemental Security Income (SSI).

        Plaintiff was born on June 30, 1963 (AR 142).[1] She attended college for about five years, obtained an Associates Degree and a certificate in phlebotomy (AR 57-58, 152). Plaintiff alleged a disability onset date of January 1, 2005 (AR 142). She had previous employment as a babysitter, a clerical/assistant with the Michigan Department of Treasury, a mailperson with the United States Postal Service, and a library aide (AR 40, 58, 148, 165). Plaintiff identified her disabling conditions as: tendonitis; bursitis; plantarsitis and arthritis in both feet; heel pain; "female issue;" and arthritis in both knees (AR 147). On February 9, 2009, an Administrative Law Judge (ALJ) reviewed plaintiff's claim *de novo* and entered a decision denying benefits (AR 35-43). This

---

[1] Citations to the administrative record will be referenced as (AR "page #").

decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

### I. LEGAL STANDARD

This court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. §405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Servs.*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only. This Court does not review the evidence *de novo*, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be

expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 20 C.F.R. §§ 404.1505 and 416.905; *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability. First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.* If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

The federal court's standard of review for SSI cases mirrors the standard applied in social security disability cases. *See Bailey v. Secretary of Health and Human Servs.*, No. 90-3265,

1991 WL 310 at * 3 (6th Cir. Jan. 3, 1991). "The proper inquiry in an application for SSI benefits is whether the plaintiff was disabled on or after her application date." *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993).

## II. ALJ'S DECISION

Plaintiff's claim failed at the fifth step. At step one, the ALJ found that plaintiff has not engaged in substantial gainful activity since the alleged onset date of January 1, 2005 and met the insured status requirements of the Social Security Act through June 30, 2010 (AR 37). At step two, the ALJ found that plaintiff suffered from severe impairments as follows: obesity; degenerative joint disease of the knees; foot arthritis / bursitis; and status post ganglionectomy (AR 37). At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. (AR 40).

The ALJ decided at the fourth step that plaintiff had the residual functional capacity (RFC):

> . . . to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) that involves occasional lifting and carrying of 10 pounds and frequent lifting and carrying up to 5 pounds; she requires a sit/stand option every 20 minutes for up to five minutes but is able to stay at a work station; she cannot climb ladders, ropes or scaffolds; she cannot kneel, crouch or crawl; she is limited to frequent handling and fingering with either hand.

(AR 40). The ALJ further found that plaintiff could not perform any of her past relevant work (AR 40).

At the fifth step, the ALJ determined that plaintiff could perform a significant number of unskilled, sedentary jobs in the national economy (AR 42-43). Specifically, plaintiff could perform 5,500 jobs in the regional economy (defined as the state of Michigan) such as clerical

4

assistant (2,000 jobs), packager (2,500 jobs), and security monitor (1,000 jobs) (AR 42-43). Accordingly, the ALJ determined that plaintiff has not been under a disability, as defined in the Social Security Act, from January 1, 2005 through the date of the decision (February 2, 2009) (AR 43).

### III. ANALYSIS

Plaintiff raised two issues on appeal.

### A. There is no substantial evidence to justify the refusal to accept the opinion of multiple treating physicians

Plaintiff contends that the ALJ failed to provide a "specific basis" for rejecting the RFC assessment prepared by Joseph Kozlowski, D.O., on November 11, 2008. Plaintiff's Brief at pp. 4, 8 (docket no. 10). Plaintiff summarized the doctor's contested opinion as follows:

> In [the RFC assessment], Dr. Kozlowski concludes the claimant could not stand or walk any significant time, and could only sit four hours. He did not feel the claimant was capable of working at all.

Plaintiff's Brief at p. 4.[2]

---

[2] In determining the claim presented by plaintiff, the court makes three observations. First, plaintiff's citation to the November 11, 2008 assessment is in error. The November 11, 2008 assessment appears on pages 364 through 367 of the administrative record. Plaintiff's citation of pages 390 through 393 refers to an earlier assessment from December 22, 2007. Second, while Dr. Kozlowski identified plaintiff's limitations, he did not make a statement to the effect that plaintiff was not "capable of working at all." Third, while plaintiff asserts that the ALJ erred with respect to the opinions of "multiple treating physicians," her argument is limited to contesting the ALJ's evaluation of Dr Kozlowski's opinions. Plaintiff makes only a cryptic reference to opinions of other treating physicians:

> "Other physicians have indicated the claimant could not work. These include Dr. Kenneth Stephens; Dr. Joseph [sic]; (TR 405)."

Plaintiff's Brief at p. 4. The cited reference to page 405 does not refer to Dr. Stephens, but consists one page of a medical record from September 9, 2008, apparently signed by Dr. Joseph Kozlowski (AR 405).

Plaintiff relies on the so-called "treating physician rule," under which a treating physician's medical opinions and diagnoses are entitled to great weight in evaluating plaintiff's alleged disability. *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001). "In general, the opinions of treating physicians are accorded greater weight than those of physicians who examine claimants only once." *Walters v. Commissioner of Social Security*, 127 F.3d 525, 529-30 (6th Cir. 1997). The agency regulations provide that if the Commissioner finds that a treating medical source's opinion on the issues of the nature and severity of a claimant's impairments "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record, [the Commissioner] will give it controlling weight." *Walters*, 127 F.3d at 530, *quoting* 20 C.F.R. § 404.1527(d)(2). An ALJ is not bound by the conclusory statements of doctors, particularly where the statements are unsupported by detailed objective criteria and documentation. *Buxton*, 246 F.3d at 773; *Cohen v. Secretary of Health & Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992). In summary, the opinions of a treating physician "are only accorded great weight when they are supported by sufficient clinical findings and are consistent with the evidence." *Cutlip v. Secretary of Health and Human Services*, 25 F.3d 284, 287 (6th Cir. 1994); 20 C.F.R. § 404.1526. Finally, the ALJ must articulate good reasons for not crediting the opinion of a treating source. *See Wilson v. Commissioner of Social Security*, 378 F.3d 541, 545 (6th Cir. 2004) (because the opinion of a treating source is entitled to controlling weight under certain circumstances, the ALJ must articulate good reasons for not crediting the opinion of a treating source under 20 C.F.R. § 404.1527(d)(2)).

The record reflects that Dr. Kozlowski issued at least three assessments of plaintiff's work limitations. On November 20, 2007, Dr. Kozlowski completed a "Medical Needs" form for

6

the Michigan Department of Human Services, indicating that plaintiff had three limitations: no prolonged standing; no climbing; and, no ladders (AR 333).

On December 22, 2007, Dr. Kozlowski completed a Medical Examination Report for the State of Michigan, in which he indicates that plaintiff was 5'1" tall and weighed 347 pounds (AR 390). The doctor stated that plaintiff had the following limitations which were expected to last more than 90 days: she could occasionally lift less than 10 pounds; she could stand and/or walk less than 2 hours in an 8-hour work day; she could sit less than 6 hours in an 8-hour work day; she required use of a cane; she could use her left arm and hand for repetitive grasping; and she could not operate foot controls (AR 391). Plaintiff could take care of her personal needs in the home and had no mental limitations (AR 391).

On November 6, 2008, Dr. Kozlowski completed a "Medical assessment of ability to do work-related activities (physical)" (AR 364-67). In this assessment, Dr. Kozlowski stated that plaintiff cannot stand or walk, but can only sit for 4 hours per day (AR 364). The doctor made the additional findings as follows. Plaintiff could frequently lift up to 10 pounds, never carry 5 pounds, and only occasionally perform simple grasping and fine manipulation with her right hand (AR 365). Plaintiff could not use foot controls, and could never perform the following maneuvers: bending; twisting; squatting; kneeling; climbing stairs; climbing ladders; crawling; and stooping (AR 365-66). Plaintiff could occasionally reach above shoulder level (AR 366). Plaintiff's balance was "affected" by her impairment, requiring her to avoid unprotected heights, moving machinery, automobiles, being outside in cold or wet weather, and vibration (AR 366). The doctor did not complete a section in the assessment describing his supportive findings (AR 367).

In reviewing the medical evidence, the ALJ noted that "no physician imposed a work preclusive limitation on the claimant's functioning" (AR 41). The ALJ also observed that plaintiff's assertions concerning her abilities "were somewhat inconsistent":

> Within testimony or the written record, it was reported that the claimant was able to perform certain self-care tasks and other activities. The claimant prepared simple meals, washed dishes and laundry. In addition, the claimant completed basic household cleaning chores, dusted, swept and mopped floors. Further, the claimant went shopping, attended to family financial matters, attended church services, and occasionally went out to eat and to the movies. Moreover, the claimant read, watched television and listened to music. For some of the period at issue, the claimant received income caring for young children.

(AR 41) (internal citation omitted).

The ALJ summarized Dr. Kozlowski's progress notes as follows. In May 2008, plaintiff had chest pains and a degree of dysphoric mood (AR 39). Upon examination, plaintiff had a regular heart rate and rhythm with no neurological deficit (AR 39). A myocardial perfusion investigation that month demonstrated well preserved ventricular function, normal wall motion and no ischemia (AR 39). In June 2008, plaintiff was alert, correctly oriented with normal mood, affect, judgment and insight (AR 39). At that time, plaintiff's neck, musculoskeletal and cardiopulmonary reviews "were unrevealing" (AR 39). In September 2008, plaintiff had left leg pain, but Dr. Kozlowski listed only "benign clinical findings" and referred plaintiff for lower limb sonographic investigation (AR 39). No deep vein thrombosis or venous reflux was reflected in the test (AR 39).

The ALJ rejected Dr. Kozlowski's opinions as unsupported by the evidence:

> As for the opinion evidence, Dr. Kozlowski completed December 2007 and November 2008 assessments on which he listed limitations for the claimant that were not compatible with full-time employment (e.g., claimant can sit 4 hours in an 8-hour workday and can never stand or walk; See Exhibits 17F, 20F). Such level of dysfunction is not borne out by the record, including Dr. Kozlowski's own relatively benign progress reports, and the clamant's acknowledged activities of daily living.

> Little weight can be given the clinician's opinion as it is not well supported objectively, and it is contraindicated by other substantial evidence.

(AR 41). Based on this record, the ALJ articulated good reasons for not crediting Dr. Kozlowski's extremely restricted RFC assessments. To the extent that plaintiff contends the ALJ's decision lacked specificity for failing to address medical evidence, this is not a basis for reversal or remand. While the ALJ must provide a statement of evidence and reasons on which the decision is based, *see* 42 U.S.C. § 405(b)(1), it is unnecessary for the ALJ to address every piece of medical evidence. *See Heston v. Commissioner of Social Security*, 245 F.3d 528, 534-35 (6th Cir. 2001) (ALJ's failure to discuss a doctor's report was harmless error because the reviewing court should consider all of the evidence in the record).

Furthermore, the ALJ's decision is supported by substantial evidence in the administrative record. On November 5, 2008, Dr. Kozlowski examined plaintiff for a follow-up to wrist surgery (i.e., the removal of two ganglia from plaintiff's right wrist by Dr. Stephens) (AR 402-04, 416-17). At that time, plaintiff complained of right wrist pain since surgery, an inability to lift and bilateral knee pains (AR 403). The doctor noted that plaintiff had a normal gait but walked with a limp, displayed decreased right hand strength and had swollen knees without tenderness (AR 402-04). Despite making these "benign" findings (to use the ALJ's terminology), the next day Dr. Kozlowski issued his assessment stating that plaintiff could not stand or walk during an 8-hour work day (AR 364).

Plaintiff's activities were also inconsistent with Dr. Kozlowski's assessment that she could not stand or walk. In an activities of daily living form submitted to the Michigan Department of Human Services, plaintiff stated that she performs housework such as dusting, sweeping and mopping, and washing dishes on a daily basis (AR 398). Plaintiff also shops once or twice a week

(AR 398). Plaintiff requires assistance shopping because she cannot stand long on her left knee and her feet hurt (AR 398). Plaintiff's other daily activities include reading for 30 to 45 minutes at a time, listening to music, watching videos and going out movies (AR 399). She goes to church about four times a week, spending about 2 1/2 hours at the church during each visit (AR 399). Plaintiff also visits her family members every week, spending up to 1/2 day with them (AR 399). Plaintiff is also in a ministry group (AR 400). At the hearing held on January 9, 2009, plaintiff testified that she could stand for 15 to 20 minutes; perform some walking; sit for 30 minutes; lift up to 15 pounds; bend at the waist; and climb 5 steps (AR 63-65). Plaintiff also testified that she cleans her bathroom and kitchen, watches television, reads, goes grocery shopping, attends church, visits friends, talks on the telephone and goes out to eat (AR 66-71). In addition, plaintiff testified that she watched a three-year-old child until October 2008 (AR 69). These activities are not consistent with the extreme restrictions as set forth by Dr. Kozlowski. While plaintiff may not have engaged vigorously in all of these activities, such endeavors are not indicative of an invalid, incapable of performing sedentary types of work. *See generally, Bogle v. Sullivan*, 998 F.2d 342, 348 (6th Cir. 1993) (a claimant's ability to perform household and social activities on a daily basis is contrary to a finding of disability); *Gist v. Secretary of Health and Human Services*, 736 F.2d 352 (6th Cir. 1984) (a claimant's capacity to perform daily activities on a regular basis will militate against a finding of disability).

The ALJ articulated good reasons for not crediting Dr. Kozlowski's opinion. His decision is supported by substantial evidence, and plaintiff's claim of error should be denied.

### B. The ALJ's decision is not supported by admissible vocational testimony

Plaintiff contends that the ALJ's hypothetical questions posed to the vocational expert (VE) were defective, because the activities contained in the hypotheticals were "clearly beyond the capacity of the claimant." Plaintiff's Brief at p. 9. An ALJ's finding that a plaintiff possesses the capacity to perform substantial gainful activity that exists in the national economy must be supported by substantial evidence that the plaintiff has the vocational qualifications to perform specific jobs. *Varley v. Secretary of Health and Human Services*, 820 F.2d 777, 779 (6th Cir. 1987). This evidence may be produced through the testimony of a VE in response to a hypothetical question which accurately portrays the claimant's physical and mental limitations. *See Webb v. Commissioner of Social Security*, 368 F.3d 629, 632 (6th Cir. 2004); *Varley*, 820 F.2d at 779. However, a hypothetical question need only include those limitations which the ALJ accepts as credible. *See Blacha v. Secretary of Health and Human Services.*, 927 F.2d 228, 231 (6th Cir. 1990). *See also Stanley v. Secretary of Health and Human Services.*, 39 F.3d 115, 118 (6th Cir. 1994) ("the ALJ is not obliged to incorporate unsubstantiated complaints into his hypotheticals"). Because the purpose of the hypothetical question is to elicit testimony regarding a claimant's ability to perform other substantial gainful activity that exists in the national economy, the question does not need to include a listing of the claimant's medical diagnoses. "[A] hypothetical question need only reference all of a claimant's limitations, without reference to the claimant's medical conditions." *Webb*, 368 F.3d at 632.

Here, plaintiff contends that the hypothetical question was flawed because it assumed the ability to lift and carry five pounds frequently and ten pounds occasionally and that "this activity is said to be required for thirty minutes, whereupon the claimant could have a sit and stand option

11

for five minutes." Plaintiff's Brief at p. 9. Plaintiff also states that the under this hypothetical question, "the claimant is expected to lift and carry for ninety percent of the working day," an assumption which "is contrary to the testimony of record." *Id.* at pp. 9-10.

Plaintiff's argument is based upon only one aspect of the limitations set forth in the hypothetical question.[3] The hypothetical question posed to the VE included limitations in addition to the sit/stand option:

> Doctor, assume an individual who is restricted to sedentary work as defined by the regulations; cannot lift or carry more than ten pounds occasionally, five pounds frequently; with a further modification, needs a sit/stand option every 30 minutes for up to five minutes but can stay on station; is limited to no climbing ladders or ropes or scaffolds and only [sic] no kneeling, crouching or crawling; and only frequently handling or fingering with either hand.

(AR 77). In response to this question, the VE testified that such a person could perform plaintiff's past work as a clerical assistant (AR 77).[4] In addition, the VE identified the additional 5,500 jobs as a clerical assistant, packager and security monitor (AR 77-78).

Plaintiff mischaracterizes the limitations set forth in the hypothetical question, when she claims that under those limitations, she would be expected to "lift and carry for ninety percent of the working day." The hypothetical question restricted the individual to sedentary work, which by definition involves sitting with only occasional lifting or carrying:

> Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount

---

[3] Plaintiff erroneously cites the hypothetical question as appearing on page 92 of the administrative record. Plaintiff's Brief at p. 9. The court notes that the hypothetical question appears at page 77 of the administrative record.

[4] The court notes that while the VE testified that plaintiff could perform her past work as a clerical assistant, the ALJ did not find the "clerical assistant" to be "past relevant work" for purposes of the five step sequential evaluation (AR 42), although it is clear she was a clerical assistant. *See* p. 1, *supra.*

>of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. §§ 416.967, 404.1567. Because sedentary work involves sitting, with at most occasional walking and standing, such work would not require plaintiff "to lift and carry for ninety percent of the working day."

The limitations set forth in the hypothetical question included those limitations that the ALJ found credible and which were supported by substantial evidence. Accordingly, plaintiff's claim of error should be denied.

### IV. Recommendation

For the reasons discussed, I respectfully recommend that the Commissioner's decision be affirmed.


Dated:  October 31, 2011                            /s/ Hugh W. Brenneman, Jr.
                                                    HUGH W. BRENNEMAN, JR.
                                                    United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).